**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ANTWAUN SMITH, on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br>**-against-**<br><br>**METLIFE, INC.,**<br><br>**Defendant.** | Case No.: 25-cv-15004<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff ANTWAUN SMITH, individually and on behalf of all others similarly situated, by his attorneys, Foote Chavez Law, LLC, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL") for MetLife, Inc.'s ("Defendant") failure to pay Plaintiff, and other similarly situated employees, their overtime pay. Plaintiff is employed by Defendant as a "Senior Claim Support Specialist". Defendant failed to pay Plaintiff overtime pay, at a rate of one and one-half times his regular hourly rate of pay, when he worked in excess of forty (40) hours in an individual work week. This case is brought as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as a representative party is attached to the Complaint as Exhibit A.

## THE PARTIES

2. Plaintiff Antwuan Smith ("Plaintiff") is a resident of Naperville, Illinois.

3. Defendant MetLife, Inc., is a Delaware Corporation with its principal place of business in New York, New York.

4. Plaintiff began his employment with Defendant in or around 2004 and is presently employed as a "Senior Claim Support Specialist" at Defendant's office located in Aurora, Illinois; however, Plaintiff currently works "remotely" from his home in Naperville, Illinois.

5. Plaintiff is a covered employee under the FLSA and IMWL.

6. Defendant is Plaintiff's employer under the FLSA and IMWL.

## JURISDICTION & VENUE

7. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the Northern District of Illinois, Eastern Division because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

10. Plaintiff resides in and is domiciled within this judicial district.

11. Defendant is has physical locations within, and is engaged in business within, this District.

## COMMON ALLEGATIONS

12. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant as a "Support Specialist" at any time from December 9, 2022 to the entry of judgment in this case (the "Collective Action Period") (collectively, the "Collective Action Members").

13. Plaintiff has been employed by Defendant within the last three (3) years before the filing of this lawsuit.

14. Plaintiff and other Support Specialists employed by Defendant were directed by Defendant to work, and did so work, in excess of forty (40) hours per week.

15. Defendant is liable under the FLSA and IMWL for, *inter alia*, failing to properly compensate Plaintiff and other Support Specialists.

16. There are many similarly-situated current and former Support Specialists who have been underpaid in violation of the FLSA and IMWL and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

17. The similarly situated employees are known to Defendant, are readily-identifiable and can be located through Defendant's records.

18. Defendant employed Plaintiff and the Collective Action Members as Support Specialists.

19. At all relevant times herein, Plaintiff, and putative collective members are and have been classified as "salary-exempt" employees.

20. Plaintiff performs his job duties and responsibilities "remotely" from his home located in Naperville, Illinois.

21. Consistent with the Defendant's policy, pattern and/or practice, Plaintiff and Support Specialists regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA and the IMWL.

22. By way of example, Plaintiff works an average of 55 hours per workweek. Plaintiff sometimes worked 60+ hours per workweek.

23. Defendant independently or jointly maintained control, oversight, and discretion over the operation of all of its claims operations, including its employment practices with respect to the Support Specialists.

24. Plaintiff's and the Support Specialists' work was performed in the normal course of Defendant's business and was integrated into it.

25. All of the work that the Plaintiff and putative collective members performed was assigned by Defendant, and/or Defendant is/was aware of all of the work that they have performed.

26. The work that Support Specialists performed as part of their primary duty required little skill and no capital investment.

27. The work that Support Specialists performed as part of their primary duty did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

28. Plaintiff and putative collective members' job duties and responsibilities included:

a. Reviewing claims that have already been processed and approved by management, but that exceed dollar limits;

b. Confirming that said claims followed a strict checklist style process for approval—including following the Claims Management Guide (CMG).

29. The primary job duties did <u>not</u> include:

a. hiring;
b. firing;
c. disciplining other employees;
d. scheduling;
e. supervising and delegating;
f. creating policy;
g. making discretionary benefits decisions; or

h. exercising meaningful independent judgment and discretion.

30. Plaintiff's and putative collective members' primary duties were procedural in nature and require Plaintiff and putative collective members to follow strict written processes and guidelines.

31. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant has classified all Support Specialists as exempt from coverage of the overtime provisions of the FLSA.

32. On or around August 8, 2025, Plaintiff received an email from one of the four managers on his account (Rebecca Anderson). The email titled "*Organization Required OT*." It required five hours of overtime the following week. Instead of paying time and-a-half, the company offered a flat $250 incentive for making 25 claim decisions.

33. Plaintiff's scheduled hours are 7:00am-3:30pm (8.5 hours/day).

34. Plaintiff often logs in earlier than 7:00am to complete work, which is evidenced by his logins and email time stamps.

35. Plaintiff averages 42.5-50 hours per week and has been told that because he is "exempt" he does not qualify for overtime pay.

36. Upon information and belief, Defendant did not perform a person-by-person analysis of the Support Specialists', nor Plaintiff's, job duties when making the decision to classify the employees (and other similarly-situated current and former employees holding comparable positions but different titles) as exempt from the overtime provisions of the FLSA and IMWL.

37. Defendant's unlawful conduct was willful and/or in reckless disregard of the applicable wage and hour laws and was undertaken pursuant to Defendant's centralized,

company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA and IMWL.

38. Defendant knew that Support Specialists, and Plaintiff, were not performing activities that complied with any FLSA exemption and, inasmuch as Defendant's close affiliation with substantial corporate entities make it aware of its obligations under the FLSA and IMWL, it acted willfully or recklessly in failing to classify Plaintiff and other putative collective members as non-exempt employees.

39. Defendant is aware or should have been aware, through their management-level employees, that Support Specialists were primarily performing non-exempt duties.

40. In fact, on or around September 18, 2025, Plaintiff notified HR that he was concerned about his "exempt" status.

41. HR responded by confirming that based on Plaintiff's job title and grade, he is classified as "exempt" and that he can reach out to his manager directly with further questions.

42. Plaintiff then reached out to his manager, Patricia, on or around September 18, 2025.

43. Patricia responded in writing that Plaintiff is exempt and that exempt overtime applies when business needs require work outside of normal business hours.

44. Patricia further confirmed that the only "non-exempt" roles in the claims organization are "Case Managers" levels 6M and 7M.

45. Defendant knew or recklessly disregarded the fact that the FLSA and IMWL required them to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

46. Accordingly, Defendant's unlawful conduct was willful and/or in reckless disregard of the applicable wage and hour laws and undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA and IMWL.

47. As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and IMWL with respect to Support Specialists. This policy and pattern or practice includes but it is not limited to:

a. willfully misclassifying Plaintiff and the Putative Collective Action Members as exempt from the requirements of the FLSA;

b. willfully failing to pay Plaintiff and the Putative Collective Action Members overtime wages for hours that they worked in excess of 40 hours per week.

48. Defendant's willful violations of the FLSA and IMWL are further demonstrated by the fact that during the course of the Collective Action Period and continuing to the present, Defendant failed to maintain accurate and sufficient time records for Plaintiff and the Collective Action Members.

49. Defendant acted recklessly or in willful disregard of the FLSA and IMWL by instituting a policy and/or practice that did not allow Plaintiff and the Putative Collective Action Members to record all hours worked.

## FIRST CAUSE OF ACTION
**Fair Labor Standard Act – Unpaid Overtime Wages**
**On Behalf of Plaintiff ANTWAUN SMITH and the Putative FLSA Collective**

50. Plaintiff repeats and realleges paragraphs 1 through 49 as if fully set forth herein.

51. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

52. At all relevant times, Plaintiff has been an "employee" under the FLSA, 29 U.S.C. § 203(e)(1), and Plaintiff has not been exempt from overtime wage provisions of the FLSA, 29 U.S.C. § 207.

53. During the course of Plaintiff's employment, Defendant has employed other Support Specialists who were similarly not exempt from the overtime wage provisions of the FLSA.

54. At all relevant times, Defendant employed Plaintiff, and employed or continues to employ each of the Collective Action Members, within the meaning of the FLSA.

55. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and other Support Specialists worked in excess of forty (40) hours, Plaintiff and the other Support Specialists were entitled to be compensated at a rate of one and one-half times their normal hourly rate of pay.

56. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

57. Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

58. The overtime wage provisions set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendant.

59. At all relevant times and continuing to the present time, Defendant had a policy

and practice of refusing to pay overtime compensation to its support specialists and similarly-situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

60. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

61. As a result of Defendant's willful failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

62. As a result of Defendant's policy and practice of minimizing labor costs by underfunding the labor budgets for its claims specialists, Defendant knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing procedural and non-exempt tasks.

63. Due to Defendant's failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective Action Members, Defendant's actual knowledge through its managerial employees/agents that the primary duties of the Plaintiff and the Collective Action Members consists of non-exempt tasks, Defendant's failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing

exempt job duties, Defendant's instituting a policy and practice that did not allow Plaintiff and Collective Action Members to record all hours worked, and Defendant's failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

64. As a result of Defendant's FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, is entitled (a) to recover from Defendant unpaid overtime wages, (b) to recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

65. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### On behalf of Plaintiff Antwaun Smith and similarly situated individuals

66. Plaintiff repeats and realleges paragraphs 1 through 49 as if fully set forth herein.

67. At all times relevant, Plaintiff has been an "employee" under the IMWL, 820 ILCS § 105/3(d), and has not been exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

68. During the course of Plaintiff's employment, Defendant employed other Support Specialists who were similarly not exempt from the overtime wage provisions of the IMWL.

69. At all times relevant, Defendant has been an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

70. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other Support Specialists worked in excess of forty (40) hours, Plaintiff and the other Support Specialists were entitled to be compensated at a rate of one and one-half times their normal hourly rate of pay.

71. Defendant's failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the IMWL, 820 ILCS § 105/4(a).

## PRAYER FOR RELIEF

Therefore, Plaintiff seeks the following relief on behalf of himself and all others similarly-situated:

A. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half of the regular rate of pay due under the FLSA and IMWL, using the following methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

C. Equitable tolling of the FLSA statute of limitations as a result of Defendant's failure to post requisite notices under the FLSA;

D. An injunction requiring Defendant to cease its unlawful practices;

E. An award of liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of one and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

F. An award of damages representing the employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

G. An award of prejudgment and post-judgment interest;

H. An award of costs and expenses of this action together with reasonable attorney's fees and expert fees and an award of a service payment to the Plaintiff; and

I. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 10, 2025

Respectfully submitted,

ANTWAUN SMITH

*/s/ Bret K. Pufahl*

**FOOTE CHAVEZ LAW, LLC**
Bret K. Pufahl, Esq. (6325814)
Elizabeth C. Chavez, Esq. (6323726)
Kathleen C. Chavez, Esq. (6255735)
1541 E. Fabyan Parkway
Suite 101
Geneva, IL 60134
Tel: (630) 232-7450
bkp@fmcolaw.com
ecc@fmcolaw.com
kcc@fmcolaw.com

*Attorneys for Plaintiff and the Putative Collective*